IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>AMBROSIO D. CONSTANTINO, JR., and FRANKLIN R. BABAUTA,<br><br>Defendants. | CRIMINAL CASE NO. 15-00029<br><br>**ORDER** |

On July 8, 2015, Defendant Franklin R. Babauta filed a Motion to Dismiss the Indictment, because the alleged offense in Count 1 did not rise to the level of a crime and the alleged offense in Count 2 occurred outside the statute of limitations for the offense.[1] *See* ECF No. 15. The court heard the motion on September 4, 2015, and at the request of the parties, the court issued additional briefing schedule to be completed on September 14, 2015.[2] *See* ECF No. 48. Representing the United States was Special Assistant U.S. Attorney Kurt E. Grunawalt. Representing Defendant Franklin R. Babauta was Mr. David J. Lujan, and Mr. Thomas J. Fisher

---

[1] Defendant Ambrosio D. Constantino, Jr., filed a joinder to the dismissal of Count 2 of the Indictment. *See* ECF No. 19.

[2] Despite this opportunity, however, the parties did not submit any supplemental briefings.

1

for Defendant Ambrosio D. Constantino, Jr. Upon review of the relevant pleadings, and with due consideration of the parties' arguments and the applicable case law, the court hereby issues the following Order denying the Defendants' Motion to Dismiss the Indictment.

## I. Factual and Procedural Background

On May 27, 2015, Defendants Ambrosio D. Constantino, Jr. ("Constantino") and Franklin R. Babauta ("Babauta") were charged by Indictment with Theft of Government Property (Count 1) and Aggravated Identity Theft (Count 2). *See* ECF No. 1.

On July 8, 2015, Defendant Babauta filed the instant Motion to Dismiss the Indictment pursuant to FED. R. CRIM. P. 12(b)(3)(B)(v).[3] *See* ECF No. 15. Therein, Defendant Babauta presented two arguments: dismissal of Count 1 because the alleged offense does not rise to the level of a crime; and dismissal of Count 2 because the alleged offense occurred outside the statute of limitations for the offense. *Id.* Defendant Constantino filed a Joinder, seeking dismissal of Count 2 for the same reason as Defendant Babauta. *See* ECF No. 19.

The case arises out of a program called the Guard Recruiting Assistance Program (hereinafter "G-RAP"), which provides referral bonuses to Army National Guard Reserve soldiers, known as Recruiter Assistants (hereinafter "RA"). *See* ECF No. 1. The defendants are charged with theft of $2,000.00 referral bonus given under the G-RAP during the time period between on or about January 26, 2010 until on or about May 31, 2010. *Id.* According to the Government, Defendant Babauta was a Lieutenant Colonel in the Guam Army National Guard ("National Guard") and had been activated onto active duty as an Active Duty Operational Support officer from October 1, 2009 through September 30, 2010. *See* ECF No. 21 at 2. Defendant Constantino was a Major in the National Guard and had not been activated onto active duty. *Id.* The Government alleges that when Defendant Babauta's son signed up for the National

---

[3] Defendant Babauta cited to FED. R. CRIM. P. 12(B)(3)(V), but such citation does not exist. The court will infer that Defendant Babauta's motion is based on FED. R. CRIM. P. 12(b)(3)(B)(v), failure to state a claim.

Guard, Defendant Babauta had Defendant Constantino act as an RA to claim for the $2,000 referral bonus even though Defendant Babauta's son went through a recruiter and not through Defendant Constantino. *Id.* at 3-4.

**II. Discussion**

Defendant Babauta argues that Count 1 of the Indictment should be dismissed "because Defendant was entitled to earn the G-RAP bonus when his son enlisted in the GUARNG, thus, his conduct does not rise to the level of Theft of Government Property[.]"[4] ECF No. 15, at 3. In his Motion to Dismiss and Reply to the Opposition, Defendant Babauta sets forth factual arguments in support of his assertion that he is entitled to the G-RAP money. *See* ECF No. 15, at 3-4, and ECF No. 30, at 3.

The Government states the opposite and argues that neither Defendant Babauta nor Defendant Constantino was legally eligible to receive G-RAP recruiting bonus incentive. *See* ECF No. 21, at 5. Similar to Defendant Babauta, the Government provided his own factual arguments to refute the defendant's arguments.

The court finds that Defendant Babauta's argument has no merit. The Sixth Amendment reserves to the juries the determination of any fact. *See Apprendi v. New Jersey*, 120 S.Ct. 2348,

---

[4] The court notes that other than Defendant Babauta's citation to FED. R. CRIM. P. 12(b)(3)(B)(v) as part of his motion caption, he failed to cite to any legal authority that would support his argument on this issue.

Pursuant to FED. R. CRIM. P. 12(b)(3)(B), a defendant may file a motion alleging a defect in the indictment or information. An indictment need only be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." FED. R. CRIM. P. 7(c)(1). While a court is limited to the face of the indictment, *United States v. Ruiz-Castro*, 125 F.Supp.2d 411, 413 (Haw. 2000) (citations omitted), an indictment "should be read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied," *United States v. Hinton*, 222 F.3d 664, 672 (9th Cir. 2000).

An indictment is sufficient if it contains "the elements of the charged crime in adequate detail to inform the defendant of the charge and to enable him to plead double jeopardy." *United States v. Awad*, 551 F.3d 930, 935 (9th Cir. 2009) (citation omitted). It is generally sufficient to track the words in the statute provided that the statute sets forth the elements of the crime and is accompanied by a statement of facts and circumstances to inform of the defendant of the charge. *Hamling v. United States*, 418 U.S. 87, 117 (1974).

In this case, the Indictment is sufficient as it contains the elements set forth in 18 U.S.C. § 641, which is the offense that defendants Babauta and Constantino were charged with.

2356 (2000). Accordingly, Defendant Babauta's motion to dismiss Count 1 of the Indictment is hereby **DENIED**.

Next, Defendant Babauta argues that Count 2 of the Indictment should be dismissed because the alleged offense occurred outside of the five-year statute of limitations. *See* ECF No. 15, at 4. Defendant Babauta argues that the alleged conduct occurred on January 26, 2010, when he supplied his son's social security number to Defendant Constantino for input into the Docupak[5] system that date. *Id.* at 5. On that date, Defendant contends that any offense of Aggravated Identity Theft was completed because there was no further act required from Defendant Babauta. *Id.* The Indictment was not filed until May 27, 2015. *See* ECF No. 1.

The Government argues that the alleged conduct in Count 2 of the Indictment was within the five-year statute of limitations, because when Defendant Constantino inputted Defendant Babauta's son's Personal Identifiable Information into the G-RAP database on January 26, 2010, the offense of Aggravated Identity Theft could not have been completed yet, since the underlying felony had not occurred.[6] *See* ECF No. 21, at 5-6. The underlying felony, which is Theft of Government Property, was not completed until Defendant Constantino received the full bonus amount of $2,000, which did not occur until May 31, 2010. *Id.* at 6.

Section 3282(a) of Title 18 of United States Code provides that "[e]xcept as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted *within five years* next after such offense shall have been committed." (emphasis added).

It is well settled that a statute of limitations begins to run when "the crime is complete." *Toussie v. United States*, 397 U.S. 112, 115 (1970). However, when the offense involves an

---

[5] Docupak is a company who has a contract with the U.S Army National Guard Bureau to administer the G-RAP. *See* ECF No. 1.

[6] The Government also argues the Wartime Statute of Limitations as an alternative. However, the court need not address this issue since it finds that Count 2 of the Indictment was filed within the applicable statute of limitations.

4

underlying felony, as does the instant case, "[a] limitation period begins to run *only when all the elements of the underlying offense have been committed.*" United States v. Beardslee, 197 F.3d 378, 385 (9th Cir. 1999) *op. am. on denial of reh'g*, 204 F.3d 983 (9th Cir. 2000) (emphasis added).

In the instant case, Theft of Government Property is as much an element of 18 U.S.C. § 1028A (Aggravated Identity Theft) as is the identity theft on which that theft is premised; absent Defendant's felony theft of government property, 18 U.S.C. § 1028A would not have been implicated. Accordingly, the court finds that Count 2 of the Indictment falls within the limitation period because a violation of 18 U.S.C. § 1028A is not complete until *both* identity theft and a "felony violation enumerated in subsection (c)"[7] have occurred. Defendants Babauta and Constantino's motion to dismiss Count 2 of the Indictment is hereby **DENIED**.[8]

### III. Conclusion

Based on the foregoing, the court **DENIES** Defendant Babauta's motion to dismiss Count 1 of the Indictment, and further **DENIES** Defendants Babauta and Constantino's motion to dismiss Count 2 of the Indictment. Because the court granted the motion to sever at the September 4, 2015 hearing, the court will issue a separate amended trial scheduling orders.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
   **Chief Judge**
**Dated: Oct 13, 2015**

---

[7] Section 1028A of Title 18, U.S.C. provides in relevant part the following: "(a)(1) In General.—Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years. . . (c) Definition.—For purposes of this section, the term "felony violation enumerated in subsection (c)" means any offense that is a felony violation of—(1) section 641 (relating to theft of public money, property, or rewards)[.]"

[8] At the September 4, 2015 hearing, Defendant Babauta also argued that he has lawful authority to possess the identification information of his son. However, this argument has no merit as it has already been addressed in *United States v. Osuna-Alvarez*, 788 F.3d 1183 (9th Cir. 2015), and in that case, the Ninth Circuit has rejected the same argument that Defendant Babauta is making.